IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| FRU-CON CONSTRUCTION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06cv1 |
| | ) | |
| COUNTY OF ARLINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure and Plaintiff's Motion for a preliminary injunction. For the following reasons, the Court will grant Defendant's Motion to dismiss and deny Plaintiff's Motion for a preliminary injunction.

### **I.  Background**

Defendant, the County of Arlington ("the County"), has initiated a construction project for the Arlington County Water Pollution Control Bureau which involves demolition of existing treatment plant facilities, upgrade of existing facilities, construction of new facilities, and related utility work. Before soliciting bids for this two-phase project, the County invited contractors to prequalify to submit bids for either or both phases of the project, pursuant to Va. Code § 2.2-4317. The County elaborated on the requirements for prequalification in a

document entitled Request for Qualifications ("RFQ") Number 431-05, which was issued on October 21, 2005.

Plaintiff, Fru-Con Construction Corporation ("Fru-Con"), submitted its application for pre-qualification on November 21, 2005. In response to Fru-Con's application, the County issued a letter to Fru-Con on December 13, 2005, requiring "clarification and substantiation" that Fru-Con met the minimum experience requirements set forth in RFQ 431-05.[1]  The County notified Fru-Con that it had five business days to submit the requested information. On December 20, 2005, Fru-Con submitted the requested additional information to the County.  On the following morning, Fru-Con received two faxed letters from the County, both dated December 20, 2005.  The first announced the County's determination that Fru-Con had not met the minimum experience requirements.  According to the second letter, the County received Fru-Con's additional evidence only after sending the initial correspondence.  The second letter further stated that the County's review of Fru-Con's evidence did not change the determination and that Fru-Con had not been prequalified for the project.

---

[1] RFQ 431-05 required a prequalifying contractor to have completed at least one wastewater or water plant project valued at $50,000,000 or greater within the past ten years for phase one of the project, and a similar project valued at $75,000,000 or greater within the same time period for phase two of the project.  Defendant's December 13, 2005 letter to Fru-Con deviated from these requirements, seeking evidence of such experience within the past five years.

Fru-Con filed the instant action, seeking injunctive relief and review of the County's prequalification determination. On January 3, 2006, Fru-Con filed a Motion for a preliminary injunction, seeking to prevent the County from soliciting bids and/or awarding a contract until the Court determines Fru-Con's rights. On January 6, 2006, the County filed a Motion to dismiss for lack of subject matter jurisdiction[2] and improper venue. These Motions are currently before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(3) permits dismissal of an action where the venue is improper. After the defendant raises an objection to venue, the plaintiff has the burden to establish that venue is appropriate in this district. *United Coal Co. v. Land Use Corp.*, 575 F. Supp. 1148, 1158 (W.D. Va. 1983); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure* § 3826 (2d ed. 2005). When no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue to survive a motion to dismiss for

---

[2]The County's Motion to dismiss pursuant to Rule 12(b)(1) is premised on the contention that Fru-Con's claim for injunctive relief fails to meet the amount-in-controversy requirement of 28 U.S.C. § 1332. Given that the subject of this action is the opportunity to bid on a public construction project valued at approximately $125,000,000, and because of Fru-Con's past rate of success in bidding on construction contracts, the Court can easily dispense with this argument. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Purcell v. Summers*, 126 F.2d 390, 394 (4th Cir. 1942) ("It is well settled that the measure of jurisdiction in a suit for injunction is the value to plaintiff of the right which he seeks to protect.")

improper venue.  *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

### III.  Analysis

Defendant argues that a forum selection clause incorporated within RFQ 431-05 prevents Fru-Con from selecting this Court as a venue.  RFQ 431-05 provides, in pertinent part:

> Appeal Procedure:
>
> A decision by the Purchasing Agent denying prequalification shall be final and conclusive unless the Applicant appeals the decision as provided in § 7-101 of the Arlington County Purchasing Resolution.

(Compl. Ex. A, at 13.)  Section 7-101, incorporated by reference into RFQ 431-05, states:

> <u>Ineligibility of Bidder, Offeror or Contractor</u>
>
> Any bidder, offeror or contractor refused permission to participate, or disqualified from participating in public contracts shall be notified in writing.  Such notice shall state the reasons for the action taken.  This decision shall be final unless the bidder, offeror or contractor appeals within ten days of receipt by instituting legal action as provided in 7-108 of this resolution.

(Def's Mem. Ex. B, § 7-101.)  Section 7-108 is therefore also incorporated by reference and states:

> <u>Legal Actions</u>
>
> A bidder or offeror, actual or prospective, who is refused permission or disqualified from participation in bidding on any competitive procurement, or who is determined not to be a responsible bidder or offeror for a particular contract, *may bring an action in the Circuit Court of Arlington County challenging that decision*, which shall be reversed only if the petitioner establishes that the decision was arbitrary

>  or capricious or, in the case of denial of
>  prequalification, that the decision to deny
>  prequalification was not based upon the criteria for
>  denial of prequalification set forth in subsection 4-
>  101(2).

(Def's Mem. Ex. B § 7-108 (emphasis added.))  According to the County, these provisions mandate that any challenge to a prequalification decision be made in the Arlington County Circuit Court.

   The initial question before the Court is whether Fru-Con agreed to be bound by § 7-108 at all.  Fru-Con argues that it never entered into any sort of contract with Arlington County and thus cannot be bound by § 7-108 as a forum selection clause.  The County, for its part, contends that Fru-Con agreed to be bound by the forum selection clause when it executed and submitted its prequalification application.  Fru-Con's prequalification application reveals the following section:

>  The Applicant's submission of a prequalification in
>  response to this Request of Qualifications ("RFQ")
>  shall constitute a representation in its part that the
>  Applicant (a) has reviewed and thoroughly understands
>  the scope, terms and conditions set forth in this RFQ
>  [referencing RFQ 431-05] . . . .

(Compl. Ex. B, at 21.)  In light of this provision, Fru-Con's execution and submission of the application evidenced its understanding of the terms of RFQ 431-05.

   The Court finds the present situation to be analogous to the use of a website where terms and conditions of use are imposed.  In *Register.com v. Verio, Inc.*, 356 F.3d 393 (2d Cir.

-5-

2004), the Second Circuit addressed the enforceability of terms of use imposed upon an internet user who made information queries on a domain name registration website.  Reasoning that the user's explicit agreement to the terms were not a prerequisite to their enforceability, the court held that the user's utilization of the website's service after learning of the terms constituted an acceptance of the terms.  *See id* at 403.  This principle has been applied with regard to forum selection clauses contained within similar terms of use.  *See Cairo, Inc. v. Crossmedia Servs., Inc.*, 2005 U.S. Dist. LEXIS 8450, at *12-13 (N.D. Cal. Apr. 1, 2005).  Like the website users in these cases, Fru-Con made the decision to submit its prequalification application for the County's review after having the opportunity to review the terms governing the County's review of such applications and Fru-Con's correlating rights.  Further, Fru-Con made representations as to its understanding of those terms.  Accordingly, the forum selection clause is binding on Fru-Con.

According to the Fourth Circuit, "absent a showing that the chosen forum is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced."  *Vulcan Chemical Technologies, Inc. v. Barker*, 297 F.3d 332, 339 (4th Cir. 2002).  Fru-Con has submitted no evidence and does not argue that the Arlington County Circuit Court would be unreasonable or was imposed by fraud or unequal bargaining

power.  Instead, Fru-Con argues only that the forum selection clause is permissive and that the clause illegally restricts the jurisdiction of the federal courts.

In arguing that the forum selection clause is permissive, Fru-Con relies heavily on the provision's use of the word "may."  Fru-Con interprets § 7-108 to mean that the Arlington County Circuit Court is not the exclusive forum for a dispute arising under the prequalification application.  Upon examining § 7-108 in context, however, it is clear that Fru-Con is incorrect.  Ordinarily, to maintain an action against a county in Virginia, the plaintiff must first present his claim to the governing body of the county.  *See* Va. Code § 15.2-1243; *Fidelity & Deposit Co. of Maryland v. Gill*, 81 S.E. 39, 42 (Va. 1914) (holding that the predecessor to § 15.2-1243 embraced every character of claim, whether legal or equitable).  If the county governing body disallows the claim, the plaintiff may then appeal that determination to the circuit court for that county.  Va. Code § 15.2-1246.  Unless this procedure is followed, or unless the county enters into a binding arbitration agreement, the county is immune from suit.  *See* Va. Code § 15.2-1248.

Against this backdrop, it is evident that the intent of the so-called permissive language in the Arlington County Purchasing Resolution is to provide a limited waiver from the ordinary sovereign immunity mechanism.  Section 7-108 of the

-7-

Resolution does not give an aggrieved applicant the opportunity to file suit against Arlington County in a court of his choosing; rather, the intent of the Resolution is to provide that the aggrieved applicant "may" sue the County, if he chooses, without having first proceeded through the Arlington County Board. Because § 7-108 constitutes a limited waiver of the Virginia Code provisions governing county sovereign immunity, the Court will not construe its language more broadly than was intended by the Arlington County Board. *See Sabre Constr. Corp. v. County of Fairfax*, 501 S.E.2d 144, 147-48 (Va. 1998) (holding that a legislative act constituting a waiver of a county's sovereign immunity is in derogation of the common law and thus must be strictly construed). Accordingly, the Court reads § 7-108 as granting an aggrieved applicant the right to bypass a county governing body and bring suit directly in the appropriate Virginia circuit court, and not, as Fru-Con contends, giving the applicant the right to bring suit in a federal court with jurisdiction.

Fru-Con relies on *Markham v. City of Newport News*, 292 F.2d 711 (4th Cir. 1961), in arguing that § 7-108 illegally restricts this Court's jurisdiction. In *Markham*, the Fourth Circuit held that

> [t]he laws of a state cannot enlarge or restrict the jurisdiction of the federal courts or those of any other state. It necessarily follows that whenever a state provides a substantive right and a remedy for its

> enforcement in a judicial proceeding in any state court, a judicial controversy involving the right may be adjudicated by a United States District Court if it has jurisdiction under the Constitution and laws of the United States.

*Id.* at 716. Applying this principle, *Markham* declined to follow a Virginia statute which mandated that tort actions against a city or other political subdivision be filed only in a Virginia state court. *Id.* at 712-13. Of course, what fundamentally distinguishes this case from *Markham* is that the instant forum selection provision not only appeared in a County Resolution, but also was incorporated by reference into RFQ 431-05 and Fru-Con's application for prequalification.

While the *Markham* principle would prevent the County from unilaterally restricting Fru-Con's right to bring suit in a federal court, it does not bar the County from reaching the same result through a forum selection clause that was the product of mutual assent. In fact, the Fourth Circuit has specifically approved of a forum selection clause appearing in a contract between a Virginia locality and a general contractor. *See Bryant Elec. Co. v. City of Fredericksburg*, 762 F.2d 1192, 1196-97 (4th Cir. 1985) (affirming a district court's dismissal in the face of a reasonable forum selection clause that required suit to be filed in the Fredericksburg Circuit Court). In the case at bar, there was a forum selection clause incorporated by reference into RFQ 431-05 and Fru-Con's prequalification application. Fru-Con's

execution of the prequalification application evidenced its knowledge and understanding of the governing terms, and Fru-Con's decision to submit its application to the County's review procedures constituted its assent.  Based on these facts, the Court finds that the appropriate venue for this dispute is the Arlington County Circuit Court.

As the Court is dismissing this action for improper venue, the Court does not need to reach Fru-Con's Motion for a preliminary injunction.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to dismiss and deny Plaintiff's Motion for a preliminary injunction.  An appropriate Order shall issue.


January 30, 2006                  _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE